Porter, J.
The defendant and three other persons, were joint owners of the steam-boat *510 Newport, on board of which the plaintiff shipped merchandise in good order. It was damaged daring the voyage, through the fault, or neglect of the captain. And this action is brought for the injury which the plaintiff has thus sustained.
The evidence establishes the delivery of the goods, the damage they suffered, and that the defendant was part owner of the boat.—The only question therefore to be decided, is, whether he is responsible in solido, or only for his virile share, and as it is one of general interest to the community, I have taken considerable pains to arrive at a correct conclusion in regard to it.
Our Civil Code, p. 390, art. 12, defines a particular partnership to be, that “which relates to certain specified things, to their use, or to the benefit to be derived from the same.”
The undertaking of several persons to run a steam-boat, for their joint benefit, comes completely within the spirit and meaning of this definition, and I do not see why ships or steam-boats may not as well be the object of a partnership, as any other particular, or specified thing, in regard to which men choose to *511 associate for mutual advantage. Pothier Traité de Charte Partie, sec. 2, art. 3, n. 50. Watson on partnership, 40.
Establishing this contract to be nothing more than a private, or particular partnership, the liability of each partner is easily determined. They are not bound in solido, but for their virile share. Civil Code, 398, art. 44.
If I did not conceive the question to be settled by the positive expression of legislative will, and if we were obliged to examine how the law formerly stood on this subject, and form a decision on it, I should come to the conclusion, that the owners were not responsible in solido.
It is true, it is stated in the Curia Philipica, commercio naval, lib. 3, cap. 4, no. 21 and 22, that the owners of vessels are responsible in solido, for the contracts, acts, and negligence of the master of the ship.
In a later work, however, Febrero addicionado, part 1, cap. 2, sec. 1, their responsibility is declared to extend only to the share which each partner has in the vessel; and the author further states, that the doctrine contained in the Digest, lib. 14, til. 1, de exercitoria actione (which is referred to in the Curia Phi *512 lipica, as the authority for holding part owners of a ship to be responsible, in solido) is not in force in Spain.
This latter opinion, I should suppose correct. Nearly all the modern nations of Europe have adopted the principle, that owners of vessels are not responsible for damage done to property shipped, any further than the share which each partner may have in them—It is thus stated in the Consulat de Mer. chap. 72, 227, 239, a Code of great antiquity, of the highest authority on this subject in every country; and particularly in Spain, where it was originally compiled, and first edited. Consulat de la Mer. translated by Bourcher, vol. 1, p. 61, and 76. Emerigon declares that the maritime laws of the middle ages so understood it, that such was, and is the jurisprudence of the northern nations. It is also the law in Holland, in Germany, in England, in France. Laws of the sea by Jacobson, chap. 3, p. 37, 47 : Grotius, de jure belli et pacis, lib. 2, tit. 2, art. 17 : Abbott on Shipping, chap. 3, no. 13, p. 119, and chap. 5, no. 2, p. 298. Emerigon, Traité des assurances, vol. 2, chap. 4, sec. 11, p. 454, and 455: Pothier Traité de Charte Partie, sec. 2, art, 2. sec. 5, no. 34.
*513 Owners of vessels, in those countries, have still further the privilege of discharging themselves from all responsibility, beyond the vessel and freight ; and cargo, if they have any of their own on board, by abandoning their right in them, to the persons whose property may be damaged through the fault of the master, or mariners. See authorities already cited. It is true, this advantage is conferred by statute, or positive ordinance in some of those countries. But its existence shews plainly the opinion which the different nations of Europe hold on this subject. It proves that a provision, so generally adopted, must have been founded on extensive motives of public policy, common to all commercial nations. And I have great difficulty in believing, on the single authority of a work, however correct it may be generally found, that Spain alone had regulations on this subject, different from all the rest.
I am well satisfied that the principle of making the part owner of a vessel responsible out of his private fortune, and that to any amount, although his interest in her might not be the one-twentieth part of the whole, would tend to discountenance persons from engaging in enterprises of this kind; would discourage that *514 uniting of capital, without which undertakings of this description cannot be carried on with advantage ; and would operate as a complete check to enterprise in a branch of commerce, for which this country heretofore has been so eminently distinguished, and from which she has derived honour and profit.
I am glad therefore that the law does not, in my opinion, require, nor permit this court to give judgment against the owner to the extent which is asked by the plaintiff. And conceiving the case to come within the provisions of our Code, in relation to particular partnerships and governed by them, I conclude that the judgment of the district court should be annulled, avoided and reversed, and that judgment be given in favour of the plaintiff, for the sum of one hundred and fifty six dollars, 49 cents, and that the plaintiff and appellee pay the cost of this appeal, and defendant pay the costs of the court of the first instance.
Martin, J.
The extent of the liability of the part owners of a steam-boat must be sought in the maritime, which is part of the commercial law. In the case of a steam-ship carrygoods from New-Orleans to the Havanah, *515 Charleston, and New-York, we would improperly look for it elsewhere ; and it is there we must seek it, in the case of a steam-boat carrying goods from New-Orleans to Natchez and Louisville.
It is true, as we held in the case of Slocum vs. Sibley, 5 Martin, 682, the members of a particular partnership are not bound in solido. But this must be understood of partnership, for the exercise of some trade, metier, or profession, or any other but a mercantile transaction. Civil Code, 390, art. 13 & 14, id. 398, art. 43. The expressions used in the French text, which is clearly the original, are les societes particulieres, autres que celles de commerce. Hence we are to conclude, that in commercial partnership, the members are bound in solido.
The Code, in the first thirteen articles, in which it treats of the various kinds of partnerships, notices only such partnerships, the the object of which is something else than commerce. Commercial partnerships are the object of the five last articles. Civ. Code, 388.
That, at Rome, part owners of a ship, who navigated her, under a common master, were bound in solido, to the freighters, cannot be *516 doubted. Si plures navium exerceant cum quolibet eorum in solido and potest, ff. 14, 1, 1, sec. 25, that such is the law in Spain, the author of Curia Philipica informs us. So does Rodriguez. Si eran muchos los administradores de la nave y todos nombraren un maestre por el contrato, de este puede ser convenido cada uno in solidum ; and I see nothing that contradicts this in the part of Febrero addicionado, on which the defendant's counsel relies. Such is also the law of the other states of this union; and in England, where, however, by a particular statute, enacted in 1734, the liability was restricted to the value of the ship and freight.
The reason for this liability, in solido, given by Rodriguez, appears conclusive; por que el contrato solo fue con el maestre de la nave, y no es justo que a los que contraxeron con el, se los precise a litigar con muchos. As the freighters contract with the master, a single person, it is not just that they should be compelled to bring suits against many.
It seems to me, the judgment of the court, a quo ought to be affirmed with costs.